IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVID ALLEN RUSSELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 6:19-cv-314 |
| JIMMY BOWMAN, et al., § | |
| § | |
| Defendants. § | |
| § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Russell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the Defendants, wardens at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. After Plaintiff was transferred from the Powledge Unit to the Jester III Unit, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as moot (Docket No. 34). Plaintiff objected (Docket No. 37).

In his objections, Plaintiff asks the Court to judicially notice verifiable facts. He states: "Specifically, the facts established to be judicially noticed is about 'the return of [my] property' as dictated by me and the Attorney General, see my complaint and page 10 of 27 of Defendant's motion to dismiss." Docket No. 37 at 3.

1

He argues he has provided fair notice of all of his claims and the factual allegations cannot be denied.

Plaintiff contends that the Magistrate Judge's Report deprives him of rights secured by the Constitution, including the right to property. He asserts that Warden Bowman has a responsibility to implement the policies and directives of the executive management of TDCJ so as to ensure that policies and procedures are carried out, but Plaintiff claims he was "singled out and penalized for my exercise of my rights." *Id.* at 5.

Plaintiff further states he objects because he has been transferred to a unit that is an exact duplicate of the Powledge Unit, and so the transfer did not change anything. He argues that he is still being subjected to excessive heat, black mold, and other issues. He argues that the Report presents no findings of fact or conclusions of law to his claims of past conduct and so Article III standing still exists.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. The Fifth Circuit has held that an inmate's transfer to another unit renders his claims for declaratory and injunctive relief moot, unless he can show a reasonable likelihood that he will be transferred back to the facility

and again subjected to the allegedly unconstitutional actions. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). While Russell complains about his property, his inability to get a subsequent storage locker box, and the conditions of confinement at the Jester III Unit, he makes no showing that the wardens at the Powledge Unit—the named defendants in this case—can provide the relief he seeks, nor that he is likely to be transferred back to the Powledge Unit. Accordingly, his requests for declaratory and injunctive relief directed to the wardens at the Powledge Unit are now moot. *See also Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The Court therefore **ORDERS** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 34) is **ADOPTED**. This case is hereby **DISMISSED WITHOUT PREJUDICE** as moot. All pending motions are **DENIED**.

So **ORDERED** and **SIGNED** this **31st** day of **August, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE